IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PATRICK RADER                                                                   PETITIONER

vs.                                                 CIVIL ACTION NO. 5:09cv106-DCB-MTP

EDWARD HARGETT                                               RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a Motion to Dismiss as Moot or, Alternatively, for Failure to Exhaust [26] filed by Respondent. Having considered the submissions of the parties, the entire record in this matter, and applicable law, the undersigned is of the opinion that the motion should be granted and that Plaintiff's Petition [1] for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 should be dismissed without prejudice for failure to exhaust available state court remedies.

## FACTUAL BACKGROUND

On November 8, 2006, *pro se* petitioner Patrick Rader pled guilty to and was convicted of possession of marijuana, more than 250 grams but less than 500 grams, in the Circuit Court of Warren County, Mississippi. *See* Exh. A to Motion to Dismiss. On November 28, 2006, he was sentenced to serve eight years in the custody of the Mississippi Department of Corrections (MDOC). *See* Exh. B to Motion to Dismiss [26]; *see also* Petition [1] at 4. Petitioner was released from MDOC custody on parole on August 18, 2009.[1] *See* Exh. C to Motion to Dismiss.

In the instant Petition, filed on June 25, 2009,[2] Petitioner alleges that he was denied jail

---

[1] Petitioner is currently in federal custody, having been convicted of conspiracy to defraud the United States and the transport of firearms interstate by a felon and having been sentenced to serve twenty-seven months to run concurrently with his state sentence in Cause No. 5:06-cr-00038-DCB-LRA. *See* Motion to Dismiss at n.1; Letter [13]; Response [21] to Order.

[2] This matter was originally filed by Petitioner under 28 U.S.C. § 1983 on January 12, 2009, and was dismissed without prejudice on December 29, 2009. *See* Civil Action No.

credit for the period of November 29, 2006 through June 20, 2007, when he was being held in the Madison County Jail pending trial on his federal charges.[3] *See* Petition; Response [6] to Order; Response [21] to Order; Response [22] to Order.

Prior to filing this Petition, on February 27, 2008, Petitioner had filed a complaint with the MDOC's Administrative Remedy Program (ARP) asserting that his jail time calculation was incorrect and that he should be given credit for time served in the Madison County Jail from November 29, 2006 through June 20, 2007.[4] *See* Exh. D to Motion to Dismiss. Petitioner was denied relief at all three steps of the ARP process, and on June 17, 2008 he signed for his Certificate documenting completion of the three-step ARP process and informing him of his right to seek judicial review within thirty days. *See* Exhs. E-J to Motion to Dismiss.

On June 26, 2008, Petitioner filed a Petition for Order to Show Cause in the Circuit Court of Warren County, Mississippi in which he requested that the court order the state to show cause

---

3:09cv17-HTW-LRA.

[3] According to Petitioner, federal authorities filed a petition for writ of habeas corpus *ad prosequendum* on November 29, 2006, and on November 30, 2006 he was taken before a federal magistrate judge and arraigned on a charge of "acquiring a firearm after being indicted for a felony." Petitioner claims that he was then returned to state custody to satisfy his eight year sentence. Petitioner further claims that on June 4, 2007, he was sentenced to a term of 27 months on the federal charges, to run consecutive to his state sentence, and was returned to state custody to continue serving his state sentence. Plaintiff claims that he was transported to Central Mississippi Correctional Facility on June 20, 2007. *See* Exh. F to Motion to Dismiss (ARP documents); *see also* Petition at 4.

[4] Petitioner alleges that he filed a motion regarding his jail credit in the Circuit Court of Madison County on March 24, 2008, but never received a response. *See* [8]; *see also* Petition at 4. However, Respondents represent that they have contacted the clerk and was informed that there were no pleadings filed by Petitioner in that court. *See* Motion to Dismiss at 2 n.2. Moreover, Petitioner has not provided the court with a copy of the motion he claims to have filed.

2

why his state sentence should not be credited with jail credit from August 16, 2006[5] to November 30, 2006. *See* Exh. K to Motion to Dismiss; *see also* Petition at 4. The court entered an order transferring the Petition to the Circuit Court of Wilkinson County, Mississippi (Petitioner's county of incarceration) on January 23, 2009. *See* Exh. L to Motion to Dismiss; Response [21] to Order at 1. However, Respondent represents that it has contacted the Circuit Court of Wilkinson County and the clerk has been unable to locate any such filing in that court.[6] *See* Motion to Dismiss at 3. Petitioner apparently has not sought a petition for writ of mandamus in the Mississippi Supreme Court nor taken any further action in either the Mississippi Supreme Court or the Circuit Court of Wilkinson County regarding this petition.[7] *See* Petition; Response [8] to Order; Response [21] to Order; Response [27] to motion.

On July 27, 2009,[8] Petitioner, through counsel, filed a "Petition for Credit on Sentence" in the Circuit Court of Issaquena County, Mississippi, seeking credit on his state sentence for November 29, 2006 to June 20, 2007. *See* Exh. M to Motion to Dismiss. The court entered an Order of Dismissal on December 3, 2009, holding that it appeared that the court lacked jurisdiction because Petitioner was in federal custody and, in the alternative, that Petitioner's claim had been resolved and was moot. *See* Exh. N to Motion to Dismiss. Petitioner apparently

---

[5] According to that Petition, August 16, 2006 is the date when Petitioner was arrested in Warren County on the state charges. Petitioner claims that he was denied bond and remained in custody until his conviction on November 28, 2006. *See* Exh. K to Motion to Dismiss.

[6] Petitioner avers that he never received a response from the court. *See* Response [8]; Response [21].

[7] A search of the Mississippi Supreme Court docket confirms this.

[8] Petitioner avers - and the Certificate of Service indicates - that the Petition was filed on July 27, 2009. *See* Exh. M to Motion to Dismiss; Response [21] at 1. However, Respondent avers that the Petition was filed on December 3, 2009, which is the date it was stamped filed by the clerk of the court. *See* Motion to Dismiss at 4 & n.3; Exh. M to Motion to Dismiss.

3

has not appealed this ruling.

According to Respondent, Petitioner's sentence was re-calculated by the MDOC on August 19, 2009, after the instant Petition was filed.[9] *See* Motion to Dismiss at 4-5; Exh. O to Motion to Dismiss. The revised timesheet reflects that Petitioner has been given credit for the time period of November 29, 2006 through June 20, 2007. Specifically, under "Computation Details," the timesheet notes that Petitioner' sentence began on November 28, 2006, when he was sentenced in Warren County Circuit Court.[10] In addition, under "Computation Details," the first line notes that on November 28, 2006, Petitioner was serving time on his state sentence. *See id.*

In the instant motion, Respondent argues that the Petition is moot or, in the alternative, that it should be dismissed without prejudice for failure to exhaust available state court remedies.

ANALYSIS

The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey,* 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke,* 150 Fed. Appx. 329, 331 (5th Cir. Oct. 6, 2005) (citation omitted). An action it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Federal Bureau of Prisons,* 220 Fed. Appx. 256, 257 (5th Cir. Feb. 22, 2007) (citing *Brown v. Resor*, 407

---

[9] This was apparently due to a shift in MDOC policy regarding whether an inmate is entitled to credit on a state sentence when they are being held pending federal charges. *See* Motion to Dismiss at 4.

[10] The start date was adjusted to August 13, 2006 because Petitioner was entitled to 107 days of pre-trial detention jail credit. *See* Exh. O to Motion to Dismiss. This can be compared to prior timesheets, which had a start date of March 5, 2007. *See* [6] at 3-4, 11.

F.2d 281, 283 (5th Cir. 1969); *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987)). A case may become moot when an "intervening factual event...causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome." *See Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998).

As noted *supra*, Petitioner's sentence was re-calculated by the MDOC on August 19, 2009 to reflect credit for the time period of November 29, 2006 through June 20, 2007. *See* Exh. O to Motion to Dismiss. Accordingly, the relief sought by Petitioner in this action - that he receive jail credit for the period of November 29, 2006 through June 20, 2007 - is now moot. *See*, *e.g.*, *Queen v. Fox*, 2009 WL 4574296, at * 4 (E.D. Tex. Nov. 30, 2009) (finding habeas claim moot where sentence computation date was earlier than date on which prisoner claimed his sentence should have begun, and prisoner had been credited with all time to which he was entitled); *Jackson v. Dretke*, 2006 WL 2248081, at * 2 (S.D. Tex. Aug. 3, 2006) ("Because petitioner has received the credit toward his sentence that he sought, his [habeas] claim is moot.").

In response to the Motion to Dismiss, Petitioner contends that the revised timesheet is "false misleading and incorrect." *See* Response [27] at 2. As "proof positive," Petitioner attaches a timesheet from January 24, 2008**,** which shows his start date as March 5, 2007 (rather than November 28, 2006). *See* [27-1 at 3-4]. The court is not convinced by this argument, as Petitioner has offered nothing other than conclusory allegations to support his argument that the timesheet is false. Moreover, the timesheet offered by Plaintiff in support of his argument pre-dates the re-calculated timesheet. Nevertheless, even assuming *arguendo* that the relief sought in the instant Petition is not moot, the court finds that Petitioner has failed to exhaust his claim, as

5

discussed below.[11]

Exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that–
>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>    (B)(i) there is an absence of available State corrective process; or
>      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, the petitioner must first present his claims to the highest state court in a procedurally proper manner so that it is given a fair opportunity to consider and pass upon challenges to a conviction, before those issues come to federal court for habeas corpus review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). This is so because state courts, "like federal courts, are obliged to enforce federal law." *Id.* at 844. Thus, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain,* 228 F.3d 616, 619-20 & n.6 (5th Cir. 2000).

As noted *supra*, despite the fact that the pleading filed by Petitioner in Warren County

---

[11] Indeed, Petitioner essentially concedes that he failed to exhaust in his response to the motion, where he requests that the court hold the instant petition in abeyance so that he can exhaust his state remedies. *See* Response at 2-3.

6

Circuit Court and transferred to Wilkinson County Circuit Court has never been docketed in Wilkinson County and apparently has not been ruled on or otherwise addressed, Petitioner has never taken any action in the Mississippi Supreme Court seeking a ruling. Moreover, Petitioner has not appealed the judgment he obtained in Issaquena County Circuit Court. Thus, Petitioner has not "give[n] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 840-41, 844-45, 847-48. Accordingly, his claims have not been exhausted.[12]

In his Response [27] to the motion, Petitioner requests an abeyance so that he may return to state court to exhaust his claims. When, as in this case, a petitioner has failed to exhaust his claims in state court, the federal habeas court has the discretion to stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). However, stay and abeyance should only be available in limited circumstances. *Id.* at 277. Stay and abeyance is only appropriate when three requirements are met: 1) there is "good cause for the petitioner's failure to exhaust his claims first in state court[;]" 2) the unexhausted claims are not "plainly meritless[;]" and 3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277-78. Stays are only available in limited circumstances because granting a petitioner's motion to stay

---

[12] It is unclear whether Petitioner's claims would be procedurally barred, due to his failure to further pursue them. *See O'Sullivan,* 526 U.S. at 848 (holding that failure to present claim to state's highest court in timely manner results in procedural default of those claims); *see also Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) (stating that "[w]hen...state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims."). Respondent contends that it is "debatable" that Petitioner's claims are procedurally defaulted, and avers that Petitioner could still pursue a judgment in his pleading filed in Warren County Circuit Court or file a motion for an out-of-time appeal for the Issaquena County Circuit Court filing in order to present his claims to the Mississippi Supreme Court. *See* Motion to Dismiss at 7 & n.7. Out of an abundance of caution, the court concludes that rather than dismissing Plaintiff's claims with prejudice as procedurally barred, they should be dismissed without prejudice for failure to exhaust.

and hold in abeyance "effectively excuses a petitioner's failure to present his claims first to the state courts." *Id.* at 277.

Petitioner has provided no reason for his failure to exhaust and, therefore, has not established good cause.[13] Moreover, Petitioner's claim in the instant Petition does not appear to be meritorious, since as discussed supra, it appears that his timesheet was revised to reflect credit for the time period of November 29, 2006 through June 20, 2007, thus rendering the instant Petition moot. Accordingly, a stay and abeyance is not warranted. *See*, *e.g.*, *Neville v. Dretke*, 23 F.3d 474, 479-80 (5th Cir. 2005) (holding that petitioner was not entitled to stay of petition here he failed to offer good cause for his failure to exhaust and where his unexhausted claims ere not potentially meritorious).

RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Respondent's Motion to Dismiss as Moot or, Alternatively, for Failure to Exhaust [26] should be granted and that Plaintiff's Petition [1] for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 should be dismissed without prejudice for failure to exhaust available state court remedies.

NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed

---

[13] In support of his request for an abeyance, Petitioner vaguely avers that he "has shown 'good cause'...due to the...altered timesheet." *See* Response [27] at 3.

8

findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS, the 18th day of May, 2010.

                                        s/Michael T. Parker
                                        United States Magistrate Judge